**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLEN R. WITHROW, | No. 15-55197 |
| Plaintiff - Appellant, | D.C. No. 8:13-cv-01959-AS |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Alka Sagar, Magistrate Judge, Presiding

Submitted December 30, 2016[**]

Before:     PREGERSON, LEAVY, and OWENS, Circuit Judges.

Glen R. Withrow appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for supplemental

security income under Title XVI of the Social Security Act.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

Withrow contends that the administrative law judge (ALJ) erred by rejecting Dr. Piasecki's opinion recommending that Withrow have the option of standing and sitting at will. We reject Withrow's contention because the ALJ specifically indicated that Dr. Piasecki's opinion was accorded partial weight and included the standing and sitting at will option in the residual functional capacity (RFC) determination. Dr. Piasecki's heavy lifting limitation, moreover, was included in the ALJ's hypothetical to the vocational expert.

The ALJ provided specific and legitimate reasons for giving little weight to the opinions of physicians Drs. Baird and Chung regarding Withrow's standing and walking limitations. As to Dr. Baird's opinion, the ALJ reasonably determined that this opinion was contradicted by the evidence in the record and by Withrow's own statements. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1164 (9th Cir. 2008) (holding that if a treating physician's opinion is contradicted by other evidence, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record for rejecting the opinion); *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (stating that if the ALJ determines that the subjective complaints of the claimant are not credible, this is a

2

sufficient reason for discounting a physician's opinion upon which the complaints are based).

As to Dr. Chung's opinion, the ALJ reasonably determined that Withrow's statements describing his activities of daily living indicated that Withrow was able to stand and walk to a greater extent than Dr. Chung generally outlined. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (stating that an inconsistency between a treating physician's opinion and a claimant's daily activities is a specific and legitimate reason to discount the treating physician's opinion).

The ALJ's hypothetical to the vocational expert presented all the limitations that were supported by the record. The hypothetical included the existence of moderate mental impairments that could be controlled by appropriate medication. Given the sparse medical record, the ALJ did not err by not including the existence of uncontrolled impairments in his hypothetical to the vocational expert. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (holding that an ALJ's hypothetical need not include properly rejected limitations). Moreover, the vocational expert was later presented with an additional hypothetical that included consideration of moderate and controlled limitations. In response,

3

the vocational expert testified that such a person would still be able to perform the unskilled work already identified.

Finally, Withrow's contention that the vocational expert's testimony deviates from agency policy lacks merit. Withrow points to no actual conflict between agency policy and the vocational expert's testimony that a claimant with moderate mental limitations can perform unskilled work. Moreover, this court has upheld determinations that claimants with moderate mental limitations are capable of doing simple unskilled work. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (upholding a denial of benefits where the ALJ found that a claimant with "moderate restrictions of his capacity to concentrate, interact with the public, and carry out detailed work instructions" was not disabled); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008) (the ALJ's finding of moderate mental limitations was consistent with an RFC for simple, routine, and repetitive work). Withrow's reliance on the Program Operations Manual System (POMS) is misplaced, because POMS "does not impose judicially enforced duties on either this court or the ALJ." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010).

**AFFIRMED.**